## WASHBURN *vs.* TINKHAM.

Where the defendant, in an action of trespass *quare clausum fregit*, pleaded the general issue, and filed a brief statement, setting forth that he was the owner of lot No. 12, &c. and that the acts complained of were done upon that lot; and the question was where the line run between that and lot No. 13, which belonged to the plaintiff—*held,* that the title to real estate, was in question and the plaintiff entitled to full costs.

TRESPASS *quare clausum,* alleging that the defendant, on the first day of April, 1833, and on divers other days and times between that time and the date of the plaintiff's writ, on the 4th of May, 1835, broke and entered the plaintiff's close, in Lyme, and trod down his grass, subverted the soil, and did divers other injuries to the property of the plaintiff.

The defendant pleaded the general issue, that he was not guilty in manner and form as the plaintiff had alleged, to which he annexed a notice as follows : " The plaintiff will ' take notice that the defendant will offer evidence to prove ' that he owns lot No. 12, lying west of East street, in the ' town plot, so called, in Lyme aforesaid, containing fifty

' acres, be the same more or less, and that said lot is, and ' was at the time of the trespasses aforesaid, supposed to be ' done, and ever since has been, the soil and freehold of the ' defendant ; and that said lot No. 12 is bounded on the ' north by a line beginning at a maple tree marked as the ' north-east corner of No. 12 aforesaid, thence westerly by a ' straight line, on the original line between said lot No. 12 ' and lot No. 13, to the south-east corner of the fifty acre lot ' lately owned by Capt. John Nelson, of Lyme, aforesaid, ' deceased ; and all the acts done by him, and complained of ' by the plaintiff, from said April 1st, 1833, to May 4th, 1835, ' were done on said lot No. 12, as lawfully he might."

It appeared in evidence that lots No. 12 and 13 were adjoining lots, and that No. 13 was owned by the plaintiff, and No. 12 by the defendant ; and the controversy betwixt the parties was as to the location of the line between the same ; and the court instructed the jury that if they established the line contended for by the plaintiff, that in such case the acts complained of would be on lot No. 13, and that their verdict should be for the plaintiff; but if they established the line contended for by the defendant, the acts done would be on lot No. 12, and their verdict should be for the defendant.

The jury rendered a verdict for the plaintiff, and assessed damages in the sum of five dollars ; whereupon the defendant's counsel moved that the costs be limited.

*Wilcox*, for the plaintiff.

*Bell*, for the defendant.

PARKER, J.    This case is settled by the case, *Forsaith* vs. *Clogston*, 3 *N. H. R.* 401.

It is there said, that under the statute of February 9th, 1791, it has always been held that the title to real estate was drawn in question by a plea of soil and freehold.

The defendant in this case gave notice that the title of lot

No. 12 was in him, and that the acts done were on that lot. This is equivalent to a plea of soil and freehold, and entitled the defendant to offer evidence of title in himself, by showing title to lot 12, and that the *locus in quo* fell within that lot.

The principle may be tested by an enquiry what course must have been pursued had the action been brought before a justice.

In such case, had the defendant pleaded the general issue, he might have put the plaintiff to prove his title, and have introduced evidence to contradict the plaintiff's evidence; but could have introduced no evidence to show that the title to lot No. 12 was in himself. 3 *N. H. R.* 401.

But if he had there pleaded a plea similar to this brief statement, the justice would no longer have had power to try the case, and the action must have been entered at the common pleas, under the provision of the statute.

This shows that the statement brings title in question, and the motion to limit costs must be overruled.